

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*

*Sarah E. Simpkins*                          *36 S. Charles Street*          *DIRECT: 410-209-4893*
*Assistant United States Attorney*           *Suite 400*                     *MAIN: 410-209-4800*
*Sarah.Simpkins@usdoj.gov*                   *Baltimore, MD 21201-3119*      *FAX: 410-962-3124*

May 22, 2024

The Honorable Richard D. Bennett
United States District Judge
101 W. Lombard Street
Baltimore, Maryland 21201

> Re:   Sentencing in *United States v. Davon Mack*
>       <u>Criminal No. RDB-23-162</u>

Dear Judge Bennett:

The Defendant, Davon Mack, is scheduled for sentencing on May 29, 2024 at 11:00 A.M. As explained below, a sentence of **30 months** in the custody of the Bureau of Prisons is sufficient, but not greater than necessary, to comply with the goals of sentencing set forth in 18 U.S.C. § 3553(a).

## I.        Factual Background

The Government incorporates the facts in the Presentence Investigation Report ("PSR") and the statement of facts filed in support of the defendant's plea agreement. ECF Nos. 37, 30.

### Sentencing Guidelines and Criminal History Calculation

The Government submits that under U.S. Sentencing Guidelines ("U.S.S.G") § 2K2.1(a)(4)(A), the defendant's base offense level is **20** because the defendant committed the instant offense after sustaining at least one felony conviction of either a crime of violence or a controlled substance offense. Because of the defendant's timely acceptance of responsibility, 2 levels are subtracted pursuant to U.S.S.G § 3E1.1(a). The Government has agreed to make a motion to for an additional 1 level decrease in recognition of the defendant's timely notification of his intention to enter a plea of guilty.  U.S.S.G § 3E1.1 (b). This would result in a final offense level of **17** according to the Government. The Government also agrees with the PSR that the defendant's criminal history category is **III**.

Accordingly, with a total adjusted offense level of **17** and a criminal history category of **III**, the advisory sentencing guidelines range is 30-37 months. The Government believes that a 30 month sentence is appropriate considering the factors set forth in 18 U.S.C. § 3553(a).

## II.    Analysis of the Factors Set Forth in 18 U.S.C. § 3553(a)

The factors set forth in 18 U.S.C. § 3553(a) include: (1) the nature and circumstances of the offenses; (2) the history and characteristics of the defendant; (3) the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (4) the need for the sentence to afford adequate deterrence to criminal conduct; (5) the need for the sentence to protect the public from further crimes of the defendant; (6) the need to provide the defendant with educational and vocational training, medical care, or other correctional treatment in the most effective manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the need to avoid unwarranted sentencing disparity among defendants involved in similar conduct who have similar records. 18 U.S.C. § 3553(a).

As explained below, the recommended sentence of **30 months** would be sufficient, but not greater than necessary, to accomplish the goals of the Sentencing Reform Act.

### a.  Nature, Circumstances, and Seriousness of the Offense

A sentence of 30 months is necessary in this case to reflect the seriousness of the offense. The defendant possessed a loaded firearm on his person while operating a vehicle in Baltimore City.

The defendant is prohibited from possessing any firearms and his possession endangered not only his own safety, but also the safety of the responding officers. The seriousness of this offense cannot be minimized. The defendant was not cooperative with police and resisted their arrest. Accordingly, the above described criminal conduct requires a period of incarceration that reflects the seriousness of the offense, and a 30 month sentence accomplishes that objective.

### b.  History and Characteristics of the Offender

The defendant is 31 years old and already has two serious prior adult convictions in addition to the current conviction. He also has a troubling criminal history of violence and weapons use dating back to 2013. What is most troubling are his convictions for two counts of armed robbery and two counts of use of a firearm in the commission of a violent crime. This current conviction marks the defendant's third handgun related conviction. In addition to these convictions, the defendant's record shows numerous arrests for other violent crimes including two arrests for Assault in 2019 and 2020 respectively. The defendant's criminal history demonstrates that he is a safety risk to the public, that he continues to engage in behavior for which he has previously been convicted, and that he has been unable to conform his behavior to the law in the past.

While his history and characteristics clearly warrant a significant prison sentence, the Government has also taken into account the defendant's decision to plead guilty, the fact that he has done well on pre trial release and has maintained employment when determining that 30 months, which is at the bottom of the guidelines range, is the appropriate sentence in this case.

### c. Adequate Deterrence and Protection for the Public

Finally, the need for deterrence is clear. As noted above, the defendant has a troubling criminal history and is prohibited from possessing a firearm. It is important to not only deter others in similar scenarios from possessing firearms but also to protect the public from felons possessing firearms illegally.  The Government hopes that this sentence, of which the defendant will serve a significant portion will serve to both deter the public and deter the defendant from engaging in firearm-related offenses upon his release.

### III. Conclusion

Based on the foregoing, the United States respectfully submits that a sentence of **30 months' imprisonment** is fair, reasonable, and not greater than necessary.

Respectfully Submitted,

Erek L. Barron
United States Attorney

*Sarah E. Simpkins*

Sarah E. Simpkins
Assistant United States Attorney